UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD A. TANGWALL,

        Plaintiff,

v.                                                            Case Number 01-10008-BC
                                                                         Honorable David M. Lawson

M. ALLAN ROBB and
SPENDER ROBB BLACK, P.C.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is the report of Magistrate Judge Charles E. Binder, filed on August 27, 2003, recommending that the plaintiff's motion for a court-appointed attorney pursuant to Federal Rule of Evidence 706 be denied and that the defendants' request to dismiss the case, made in their answer to the plaintiff's motion, be granted and the case be dismissed with prejudice. The plaintiff has filed untimely objections to the recommendation. Title 28, Section 636(b) of the United States Code provides that "[w]ithin ten days after being served with a copy [of the report and recommendation], any party may serve and file written objections to [the recommendation]." Because the time-period within which the pleading must be filed is less than eleven days, intervening weekends are not counted in the computation of time. Fed. R. Civ. P. 6(a). Therefore, giving three days for mailing and skipping Labor Day, the objections were due on September 16, 2003. Accordingly, the plaintiff's objections, filed on September 22, 2003, are untimely. The defendants have filed an objection to the plaintiff's objections arguing that because the plaintiff's objections to the report are untimely, the Court should not consider the objections and issue an order adopting the recommendation.



The plaintiff's failure to file timely objections to the magistrate judge's report and recommendation waives any further right to appeal a subsequent order of the district court adopting that report. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Cole v. Yukins*, 7 Fed. Appx. 354, 356, 2001 WL 303507, at *1 (6th Cir. 2001) (unpublished opinion). Likewise, the failure to object to the Magistrate Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir.1991). However, the Court agrees with the findings and conclusions of the Magistrate Judge and finds that the failure of the plaintiff to secure an expert witness is fatal to his claims of legal malpractice against the defendants and, consequently, his case against them should be dismissed.

I.

In this diversity action, the plaintiff alleges that he engaged the defendants to represent him on three separate matters between January 1998 and November 1999. The first case involved a defense against a claim and delivery action brought by the National Bank of Detroit in the Genesee County, Michigan Circuit Court as Case No. 00-67826 (Genesee Case #1), in which the defendants were retained on January 3, 1998. The second matter concerned the defense of a civil claim of assault and battery brought in the Arenac County, Michigan Circuit Court, resulting in a stipulated judgment entered against the plaintiff on October 27, 1999. In the third matter, the defendants were retained in connection with certain negotiations and litigation relating to the purchase of property in Townsend, Tennessee, which ultimately resulted somehow in the removal of the plaintiff as chief executive officer of the Goodrich Manufacturing Company. This ouster was achieved through court action in the Genesee County Circuit Court, Case No. 99-66631 (Genesee Case #2).

The plaintiff previously sued these defendants for legal malpractice in Genesee County, claiming that they committed professional negligence in their representation of him in connection with the claim and delivery action (Genesee Case #1). The malpractice lawsuit was dismissed "with prejudice" by the state court judge because the plaintiff failed to follow the court's instructions to initiate a pretrial telephone conference. No appeal was taken from that dismissal.

The plaintiff then filed a *pro se* complaint in this Court on February 16, 2001 claiming that the defendants failed to abide by the applicable standard of care in providing legal counsel and advice to him in the three matters outlined above. The defendants filed a motion for summary judgment arguing that the plaintiff's complaint was barred by the doctrine of *res judicata*. On September 18, 2002 the Court, in a written order, granted in part and denied in part the defendants' motion finding that only the claim of legal malpractice arising from the representation in Genesee Case #1 was barred by the doctrine of *res judicata*. The Court referred the case to the magistrate judge for general case management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) on the same date.

Thereafter, the magistrate judge held a scheduling conference with the parties and established litigation deadlines. On May 7, 2003, a telephone conference was held by the magistrate judge and the parties during which the plaintiff informed the magistrate judge that he was having difficulties obtaining discovery, scheduling depositions, and securing an expert witness. Accordingly, the magistrate judge entered an order extending the expert disclosure deadline and discovery deadline.

On June 12, 2003, three days after the extended expert disclosure deadline, the plaintiff filed a motion for a court-appointed expert pursuant to Federal Rule of Evidence 706. In the motion, the plaintiff stated that he had "exhausted all of his remedies to acquire an expert witness" and asked the Court to "appoint an expert witness and notify the parties of the appointment." The defendants

filed an answer to the motion arguing that the appointment of an expert pursuant to Rule 706 is a matter of discretion and that doing so in this case would be "asking this Court to appoint an expert to testify on [the plaintiff's] behalf." The defendants also argued that a legal malpractice claim requires expert testimony, and the plaintiff's inability to secure an expert necessitates the dismissal of this action.

In his report and recommendation, the magistrate judge suggested that under Michigan law, expert testimony is required in a legal malpractice case to establish both the requisite standard of conduct and the breach thereof, absent a matter so manifest that an ordinary layman could determine the attorney was careless. R&R at 3. The magistrate judge also suggested that granting the plaintiff's motion and appointing an expert would not be proper in this case because it would put the Court in the position of providing a vital and necessary element of the plaintiff's case. The magistrate judge recommended that since the legal malpractice alleged by the plaintiff is not so clear that any layman could comprehend the alleged breach of professional standards, the presentation of expert testimony on the issue of the standards of professional conduct in this case is essential to the plaintiff's successful assertion of his legal malpractice claim. Because the plaintiff is unable to secure an expert witness, the magistrate judge suggested that the defendants' request for dismissal should be granted.

In his untimely objections to the report, the plaintiff argues that the magistrate judge improperly interpreted the provisions of Federal Rule of Evidence 706 and that according to the Rule, the plaintiff clearly is entitled to an expert witness appointed by the Court. The plaintiff explains that he is unable to secure an expert witness because he is a *pro se* litigant and the potential witnesses he has contacted do not want to testify in this case against the defendant attorneys. He

states that he is willing to pay for the expert witness, but needs the Court to appoint one.

II.

Federal Rule of Evidence 706 provides:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

The determination to appoint an expert under this Rule rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59, 361 (7th Cir. 1997); *Fugitt v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977); *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928, 930-31 (2d Cir. 1962). *See also* Fed. R. Evid. 706 Advisory Comm. Note ("The inherent power of a trial judge to appoint an expert of [his] own choosing is virtually unquestioned.").

The enlistment of court-appointed expert assistance under Rule 706 is not commonplace. *See id.* ("experience indicates that actual appointment is a relatively infrequent occurrence"). The power to make such an appointment, however, is recognized. *See, e.g., McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.1991) (suggesting that the district court consider appointing an expert in a prison case where the issue involved complex scientific evidence regarding second hand tobacco smoke); *Webster v. Sowders*, 846 F.2d 1032, 1038-39 (6th Cir.1988) (remanding case for explicit findings

on the necessity of the district court's appointment of an expert witness in an indigent prisoner case involving asbestos, where the district court assessed the fee for the expert witness against the defendants); *United States v. Green*, 544 F.2d 138, 145 (3d Cir.1976) (recognizing the "inherent power of a trial judge to appoint an expert of his own choosing is clear" in determination of competency of defendant to stand trial), *cert. denied*, 430 U.S. 910 (1977); *Handschu v. Special Svcs. Div.*, No. 71-2203, 1989 WL 82397 (S.D.N.Y. July 21, 1989) (Rule 706 expert appointed after class action settlement to evaluate adequacy of a document filing system) (unpublished opinion); *United States v. Michigan*, 680 F. Supp. 928, 984-88 (W.D. Mich. 1987) (Rule 706 psychiatric expert appointed to study and report on defendants' efforts to comply with consent judgment on mental health services in state prisons).

A recent survey of trial judges conducted through the Federal Judicial Center revealed that use of court-appointed experts under Rule 706 is relatively infrequent and that most judges "view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." Joe S. Cecil & Thomas E. Willging, *Court-Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706*, 4-5 (Fed. Jud. Center 1993). *See also Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F. Supp. 378, 383 (D.D.C. 1985) (appointment of expert appropriate only in "compelling" circumstances). While acknowledging that use of Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice, the authors concluded that "Rule 706 remains an important alternative source of authority to deal with some of the most demanding evidentiary issues that arise in federal courts." *Court Appointed Experts* at 95. *See generally, In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F. Supp. 686, 692-93 (E.D.N.Y & S.D.N.Y. 1993).

As the magistrate judge correctly stated, the plaintiff must present testimony on the standards of legal malpractice from an expert witness to establish his *prima facie* case of legal malpractice against the defendants. *Stiver v. Parker*, 975 F.2d 261, 273 (6th Cir. 1992) (holding that Michigan law requires expert testimony in legal and medical malpractice cases); *Beattie v. Firnschild*, 152 Mich. App. 785, 394 N.W.2d 107 (1986) (holding that in legal malpractice case, a plaintiff must establish malpractice or violations of Professional Code or Rules by expert testimony). The plaintiff's failure to secure an expert witness, after being given repeated opportunities by the Court to find such a witness, demonstrates that the plaintiff is unable to prove his case. Moreover, the Court finds that the plaintiff's circumstances are not so "compelling" as to require the Court to appoint an expert on the plaintiff's behalf. *See Ledford*, 105 F.3d at 358-59. Indeed, the appointment of an expert witness for the plaintiff in this case under Rule 706 would be tantamount to the Court assisting the plaintiff in proving his case against the defendants. Rule 706 was not designed to provide such relief to a litigant.

### III.

The Court agrees with the findings and conclusions of the magistrate judge. It would be patently improper to appoint a legal expert on behalf of the plaintiff under the circumstances of this case. It is the plaintiff's obligation in the first instance to come forward with evidence to support the allegations in his complaint. The failure of the plaintiff to secure an expert witness and his acknowledgment that he will not be able secure a witness without the Court's assistance demonstrates that he is unable to succeed in this case.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion to appoint expert witness [dkt # 50] is **DENIED**.

It is further **ORDERED** that this case is **DISMISSED** with prejudice.

It is further **ORDERED** that the following motions are denied as **MOOT**: the defendant's motion for summary judgment [dkt # 33]; the defendant's motion to dismiss for failure to comply with discovery [dkt # 47]; and the defendant's motion for security for costs [dkt # 48].

DAVID M. LAWSON
United States District Judge

Dated: December 23, 2003

Copies sent to:  Donald A. Tangwell
Edmund M. Brady, Jr., Esquire